IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01331–KMT

LISA MARIN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,

    Defendant.

## ORDER

This case comes before the court on review of the Commissioner's denial of Plaintiff-Claimant Lisa Marin's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("the Act"). Jurisdiction is proper under 42 U.S.C. § 405(g).

### BACKGROUND

Claimant applied for DIB and SSI in December of 2011, alleging that she had been disabled since October 2006 by a painful gastrointestinal condition called Diverticulosis. (*See* Doc. No. 12, Social Security Administrative Record ["AR"] at 99, 104, 133; Doc. No. 16 [Resp. Br.] at 2, filed Oct. 15, 2014.) (*But see* Doc. No. 15 [Opening Br.] at 6, filed Sept. 15, 2014 [stating that Claimant "alleges disability due to her chronic Diverticulosis, s/p sigmoid colectomy, Irritable Bowel Syndrome, Colitis on the right side, and depression"].) The Commissioner denied both applications in March of 2012. (AR at 59.) Following the denials,

Claimant requested (AR at 63) and received a hearing by an Administrative Law Judge ("ALJ") (AR at 37–48). After the hearing, the ALJ determined that Claimant was not disabled within the meaning of section 1614(a)(3)(A) of the Act because she was still capable of performing past relevant work. (AR at 22, 32–33.) The Appeals Council subsequently denied Claimant's request for review (*Id.* at 5), making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). Claimant timely sought review by the Court.

## STATUTORY AND REGULATORY BACKGROUND

Titles II and XVI of the Act award Social Security benefits to claimants who meet certain eligibility requirements. 42 U.S.C. §§ 423, 1382. To receive either DIB or SSI, a claimant must be disabled. 42 U.S.C. §§ 1382(a), 423(a). The Commissioner has established a five-step sequential process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who works is not disabled, regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe" impairment significantly limits the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or "equals" in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, then the ALJ must determine whether the claimant can still perform any past work despite his or her limitations.

5. If the claimant no longer retains the ability to perform past work, then the ALJ must decide whether the claimant can perform any other substantial gainful work in the national economy despite the claimant's limitations.

*See* 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this process.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  After that, the burden shifts to the Commissioner to prove that, despite the claimant's impairments, he or she is still capable of performing substantial gainful work in the national economy.  *Id.*  If at any point during the five-step review process the Commissioner conclusively finds that the claimant is or is not disabled, the analysis ends.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

## STANDARD OF REVIEW

Review of the Commissioner's disability decision by this court is limited to determining whether the ALJ applied the correct legal standard, whether the decision is supported by substantial evidence, and whether the decision comports with the relevant regulations and caselaw.  *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990); *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).  An ALJ's failure to apply the correct legal standard constitutes an independent and sufficient basis for the Court to reverse the ALJ's decision.  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  Likewise, an ALJ's failure to supply the Court with a sufficient basis to determine that the ALJ followed appropriate legal principles is also grounds for reversal.  *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quoting *Smith v. Heckler*, 707 F.2d 1284 (11th Cir. 1983)).

**ANALYSIS**

The ALJ found that the claimant was not disabled, because she could still perform some of her previous jobs. The claimant appears to argue that this conclusion is critically flawed because 1) it relies upon a legally and factually insufficient assessment of what work Claimant can do with her disability, 2) the ALJ never properly inquired into the demands and requirements of those previous jobs, and 3) the ALJ never found that those jobs qualified as substantial gainful work. (*See generally* Opening Br.) Claimant also takes issue with the ALJ's conclusion that he would not have found Claimant disabled had he reached step five of the disability review process. (*See id.* at 27–29.)

**1. The Legal Sufficiency of the ALJ's Residual Functional Capacity Assessment**

As part of Claimant's broader allegation that the ALJ's disability determination is critically flawed, Claimant argues that the ALJ's Residual Functional Capacity ("RFC") assessment is legally insufficient because, among other issues, it omitted mental limitations the ALJ had acknowledged and accepted earlier in his written decision. (Opening Br. at 21.)

Before completing step four of the disability review process, the ALJ must assess claimant's RFC, which is the most the claimant can do in a work setting on a regular and continuing basis despite the limitations imposed by his or her impairments. SSR 96-8p, 1996 WL 374184 at *1, 3.[1] When determining the claimant's RFC, the ALJ must consider all the relevant evidence and all of the claimant's medically determinable impairments. *Id.* at *2. Then, in the ALJ's written decision, the ALJ must explain how the evidence supports each of his or her

---

[1] An "SSR" is a Social Security Administration ruling. These rulings, which are final opinions and orders published under the authority of the Commissioner of Social Security, are binding on "all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1).

conclusions. *Id.* at *7. As part of that explanation, the ALJ must "cite specific medical facts and nonmedical evidence and explain how any material inconsistencies or ambiguities in the case record were considered and resolved." *Id.*

Here, at step two, the ALJ found that, in addition to Diverticulosis, Claimant had several mental limitations, and classified those limitations as non-severe. (AR at 25–27.) The ALJ then acknowledged that his analysis of Claimant's mental limitations at step two is abbreviated by comparison to the mental limitations analysis required in the ALJ's RFC assessment at step four. (*Id.*) And yet, the ALJ never discussed or mentioned Claimant's mental limitations in his step four assessment of Claimant's RFC. (*See id.* at 28–32.) Nor did the ALJ include any mental limitations in Claimant's RFC. (*See id.* at 28.) The only reference to Claimant's mental limitations in the ALJ's step four RFC assessment is found in the ALJ's step-two analysis. (*Id.* at 27.) There, in what appears to be boilerplate language, the ALJ stated: "Notwithstanding the above, the undersigned has considered all impairments, even those found to be non-severe, in reaching a conclusion of the claimant's residential functional capacity (20 CFR 404.1545)." (*Id.*) The Court will accept an ALJ's declaration that he or she considered certain impairments when constructing a claimant's RFC, but only if the ALJ's discussion of the evidence and reasoning demonstrates the ALJ's consideration of those impairments. *See, e.g.*, *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (stating that the Court generally "take[s] a lower tribunal at its word when it declares that it has considered a matter," but then, clarifying that it was the ALJ's "discussion of the evidence and his reasons for his conclusions" that "demonstrate[d] that he considered all of [the claimant's] impairments"). Here, the only reference to anything even remotely resembling an explanation of the ALJ's exclusion of mental limitations from the

5

claimant's RFC is a single sentence located not in a discussion about Claimant's mental limitations, but in a discussion explaining why the ALJ discounted Claimant's testimony about the intensity, persistence, and limiting effects of her symptoms. (*See* AR at 28–32.) In that sentence, the ALJ said "[t]hese activities together with the performance of semi-skilled to skilled sedentary to light exertion jobs despite her medical conditions suggest the claimant retained significant mental and physical capacity and diminishes the persuasiveness of her subjective complaints." (*Id.* at 30.) A single sentence about why the ALJ did not find Claimant's subjective testimony credible does not explain why the ALJ excluded from his RFC assessment those mental limitations that he had already acknowledged and accepted at step-two of his disability review process. Nor does it demonstrate that the ALJ adequately considered those mental limitations when constructing the claimant's RFC.

In *Farrill v. Astrue*, 486 F. App'x 711, 713 (10th Cir. 2012), the Tenth Circuit Court of Appeals reversed an ALJ's decision because, among other deficiencies, the ALJ failed to explain "why he chose not to include any mental limitations in the RFC, despite his previous assessment of mild limitations." *Farrill*, 486 F. App'x at 713. The relevant facts and issues in *Farrill* are nearly identical to the relevant facts and issues in this case. In both cases, the ALJ determined the claimant was not disabled, because the claimant could perform past relevant work. *Compare Farrill*, 486 F. App'x at 712 *with* AR at 32. In both cases, the claimant challenged the past-relevant-work findings of the ALJ because of perceived insufficiencies with the ALJ's RFC and past-relevant-work analysis. *Compare Farrill*, 486 F. App'x at 712 *with* Opening Br. at 21–23, 25–27. In both cases, the mental limitations found in step two of the ALJ's disability review process were non-severe and minor in comparison to the limitations imposed by the claimant's

physical impairments. *Compare Farrill*, 486 F. App'x at 712 *with* AR at 25–27.  And despite the importance of the RFC to the step-four past-relevant-work analysis, both ALJs failed to explain why they excluded from their RFC assessments the claimant's non-severe mental limitations that both had already acknowledged and accepted at earlier stages of the disability review process. *Compare Farrill*, 486 F. App'x at 713 *with* AR at 25–27, 28–32.

Though, in *Farrill*, the unexplained absence of that claimant's mild mental limitations from the claimant's RFC was just one the ALJ's deficiencies that warranted reversal, such a failure is sufficient to warrant reversal even in the absence of other deficiencies.  The Commissioner's regulations require the ALJ to consider all the relevant evidence and all of the claimant's medically determinable impairments in the RFC analysis, including non-severe mental limitations.  *See* 20 C.F.R 404.1545 ("[W]e will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity."); SSR 96-8p, 1996 WL 374184, at *1, 3, 7.  The ALJ's failure to explain why the claimant's RFC excludes known mental limitations, interferes with this court's ability to assess whether the ALJ did, in fact, consider all the relevant evidence and all of the claimant's medically determinable impairments, including non-severe mental limitations, when constructing the claimant's RFC.  Depriving the Court and the claimant of the information necessary to determine the legal sufficiency of the ALJ's actions is, itself, reversible error.  *See Byron*, 742 F.2d at 1235.

For these reasons, the ALJ's failure to explain the absence of Claimant's non-severe mental limitations from Claimant's RFC is reversible error.  The court does not reach or address Claimant's remaining arguments.  The issues raised in those arguments may be resolved by

reconsideration and rehearing.  To that end, on reconsideration, the ALJ should be sure to carefully review and comply with all applicable parts of *Farrill*.

Accordingly, it is

**ORDERED** that the Commissioner's decision is **REVERSED** and this case is **REMANDED** to the Commissioner.  It is further

**ORDERED** that Plaintiff is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated this 24st day of August, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge