IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01331–KMT

LISA F. MARIN,

    Plaintiff,

v.

CAROLYN COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

# ORDER

The matter before the court is "Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act (EAJA) 28 USC § 2412(d)." (*See* Doc. No. 24 [Motion], filed Oct. 12, 2015.) Defendant, the Acting Commissioner of Social Security ("the Commissioner"), filed her response brief on November 2, 2015 (Doc. No. 26 [EAJA Resp. Br.]), and Plaintiff filed her reply brief on November 4, 2015 (Doc. No. 27 [EAJA Reply Br.]).

## FACTUAL AND PROCEDURAL BACKGROUND

Claimant applied for DIB and SSI in December of 2011, alleging that she had been disabled since October 2006 by a painful gastrointestinal condition called Diverticulosis. (Doc. No. 22 [Order] at 1, filed Aug. 24, 2015.) The Commissioner denied her DIB and SSI applications in March of 2012. (*Id.*) Following the denials, Claimant requested and received a hearing by an Administrative Law Judge ("ALJ"). (*Id.* at 1–2.) After the hearing, the ALJ determined that Claimant was not disabled within the meaning of section 1614(a)(3)(A) of the

Act because she was still capable of performing some of her previous work. (*Id.* at 2.) The Appeals Council subsequently denied Claimant's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (*Id.*) Claimant appealed the ALJ's decision to this court. (*Id.*)

On appeal, Plaintiff alleged, among other things, that the Residual Functional Capacity ("RFC") assessment[1] of the ALJ was legally insufficient because it omitted mental limitations the ALJ had acknowledged and accepted earlier in his written decision. (Doc. No. 15 [Opening Br.] at 21.) The Commissioner defended the ALJ's actions by arguing that the ALJ considered the omitted mental limitations and "explained why he found no [mental] limitations in the residential functional capacity assessment." (Doc. No. 16 [Resp. Br.] at 13.)

This court found that the ALJ's failure to explain the absence of Plaintiff's non-severe mental limitations from Plaintiff's RFC constituted reversible error because it violated Tenth Circuit precedent and prevented the court from being able to determine whether the ALJ, as required by law, considered claimant's mental impairments during his RFC assessment. (Order at 5–7.) The court reversed and remanded on that basis without reaching any of Plaintiff's other arguments. (*Id.* at 7.)

After prevailing in its appeal, Plaintiff now seeks $6,460.00 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Mot. at 1; Doc. No. 25 [EAJA Opening Br.], filed Oct. 12, 2015.) Plaintiff argues that she is entitled to these fees under EAJA because the ALJ's decision and the Commissioner's subsequent defense of that decision

---

[1] A claimant's RFC is the ALJ's assessment of the most the claimant can do in a work setting on a regular and continuing basis despite the limitations imposed by his or her impairments. SSR 96-8p, 1996 WL 374184 at *1, 3.

2

was not "substantially justified." (EAJA Opening Br. at 4; EAJA Reply Br. at 5.) The Commissioner maintains that her actions and arguments were reasonable and, therefore, substantially justified. (EAJA Resp. Br. at 1.)

## LEGAL STANDARD

The EAJA awards attorney fees to a prevailing party in a Social Security Disability case when the United States took a position that was not "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). The government's position is "substantially justified" when the government's action and supporting arguments were "*reasonable* even if *wrong*." *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011) (emphasis author's own). The test is simply "one of reasonableness" in law and fact. *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 563–65 (1988)). Though, generally, EAJA fees should be awarded when the government's underlying action was unreasonable, it is possible for the government's reasonable position during litigation to "cure" an earlier unreasonable government action. *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) (citations and quotations omitted). The government has the burden of establishing that its position was substantially justified. *Id.* at 1169 (citation and quotations omitted). If awarded, EAJA attorney fees must be reasonable. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

## ANALYSIS

In support of its Motion, Plaintiff argues that ALJ's failure to follow "Tenth Circuit rulings and social security regulations" and the Commissioner's subsequent defense of those failures was unreasonable. (EAJA Opening Br. at 8.) For the most part, Plaintiff relies on the court's reasoning in the order reversing the ALJ's decision, but emphasizes the court's findings

3

that the *Farrill* Court reversed on nearly identical facts.  (*See id.* at 2–4.)  The Commissioner maintains that the ALJ considered Plaintiff's non-severe mental impairments when constructing Plaintiff's RFC.  (*See* EAJA Resp. Br. at 3.)  As support, the Commissioner refers to 1) the ALJ's statement that he "considered all impairments, even those found to be non-severe . . ." and 2) the ALJ's credibility assessment of Plaintiff, which contained the statement that Plaintiff "retained significant mental . . . capacity."[2]  (*Id.*)

There is no dispute that Plaintiff is the prevailing party.  (*See generally* EAJA Opening Br.; EAJA Resp. Br.)  The threshold question for the court then is whether the Commissioner's position was reasonable, which is really two separate inquiries: A) whether the ALJ's failures were reasonable, even if wrong, and B) whether the Commissioner's defense of the ALJ's failures was reasonable, even if wrong.  *See Hackett,* 475 F.3d at 1174 ("*reasonable* even if *wrong*.") (emphasis author's own).  If the court determines that, overall, the Commissioner has acted unreasonably, then court must decide whether the attorney fees requested by Plaintiff's attorney are reasonable.  *Robinson*, 160 F.3d at 1281.

### A. *The Reasonableness of the ALJ's Failures*

The court's order reversing and remanding the ALJ's decision cited *Farrill* as a nearly identical case where the Tenth Circuit reversed and remanded, in part, because, like here, that

---

[2] The Commissioner also argues that Plaintiff has not identified any evidence establishing any mental limitations, and Plaintiff dedicates a portion of her reply brief addressing these arguments.  (EAJA Resp. Br. at 4–5; EAJA Reply. Br. at 3–4.)  These arguments, however, are irrelevant to the question presently before the court.  The court's order did not address the propriety of excluding Plaintiff's mental limitations from Plaintiff's RFC.  (*See generally* Order.)  Rather, the order stated that the ALJ's failure to explain the absence of those limitations from the RFC was reversible error because it contravened precedent and prevented the court from determining whether the ALJ had considered Plaintiff's mental limitations during his RFC assessment.  (*Id.* at 7.)

ALJ omitted Claimant's mental impairments from that claimant's RFC without explanation, despite acknowledging those very same impairments at an earlier stage of the ALJ's disability analysis. (*See* Order at 6–7.) *Farrill* was decided in 2012. The ALJ decision in this case was rendered June 7, 2013 (Doc. No. 12 [AR] at 33), and the appeal before this court was filed May 13, 2014 (Doc. No. 1). Neither the ALJ nor the Commissioner cited any precedent that calls *Farrill*'s holding into question. (*See generally* AR at 23–34; Resp Br.) The ALJ's failure to follow *Farrill* when the facts of *Farrill* so closely parallel the facts of Plaintiff's case is therefore unreasonable.

### B. *The Reasonableness of the Commissioner's Defense of the ALJ's Failures*

In its litigation brief, the Commissioner argued that *Farrill* "is not instructive because the ALJ here . . . explained why he found no limitations in the residual functional capacity assessment." (Resp. Br. at 13.) To the contrary, and as explained in detail in the court's order reversing and remanding the ALJ's decision, the facts of *Farrill* are nearly identical to the facts of Plaintiff's case. (*See* Order at 6–7.) The court finds the Commissioner's position to be unreasonable.

Moreover, in her brief opposing Plaintiff's Motion for attorney fees under the EAJA, the Commissioner reiterates the same unsuccessful arguments she raised in response to Plaintiff's appeal of the ALJ's decision—arguments this court specifically rejected. (*See generally* EAJA Resp. Br.) First, the Commissioner argues that the ALJ stated that he "considered all impairments, even those found to be non-severe . . . ." (*Id.* at 3.) But in reversing and remanding the ALJ's decision, the court specifically found that such "boilerplate language" was

5

insufficient to demonstrate the ALJ's consideration of Plaintiff's mental impairments. (Order at 5.)

Second, the Commissioner argues that the Court should "take a lower tribunal at its word when it declares that it has considered a matter," citing *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007). (EAJA Resp. Br. at 3.) The court agreed that it "will accept an ALJ's declaration that he or she considered certain impairments when constructing a claimant's RFC," but only if "the ALJ's discussion of the evidence and reasoning demonstrates the ALJ's consideration of those impairments." (Order at 5.) The court explained that while *Flaherty* said that the Court generally "take[s] a lower tribunal at its word when it declares that it has considered a matter," it is the ALJ's "discussion of the evidence and his reasons for his conclusions" that "demonstrate[s] that he considered all of [the claimant's] impairments." (*Id.*) The Commissioner's response brief still fails to acknowledge this critically important part of the *Flaherty* holding. (*See* EAJA Resp. Br. at 3.)

Third, the Commissioner cites the ALJ's statement that Plaintiff "retained significant mental . . . capacity," a statement made as part of the ALJ's assessment of Plaintiff's credibility, as more evidence that the ALJ considered Plaintiff's mental impairments when assessing her RFC. (*Id.* at 1, 3.) The court found, however, that "[a] single sentence about why the ALJ did not find Claimant's subjective testimony credible does not explain why the ALJ excluded from his RFC assessment those mental limitations that he had already acknowledged and accepted at step-two of his disability review process." (Order at 6.) The court added, "Nor does it demonstrate that the ALJ adequately considered those mental limitations when constructing the claimant's RFC." (*Id.*) Despite the court's express rejection of this argument, the Commissioner

repeats this same argument in its briefs opposing the imposition of attorney fees under the EAJA. (EAJA Resp. Br. at 1, 3.) The court finds this continuing position to be unreasonable.

The court therefore finds that the Commissioner has failed to meet her burden to demonstrate that the Commissioner's position was reasonable, either at the administrative stage or the litigation stage. Plaintiff is entitled to attorney fees under the EAJA.

### C. Whether Plaintiff's Requested Attorney Fees Are Reasonable

Plaintiff requests the court award her $6,460.00 in attorney fees. (EAJA Reply Br. at 5.) The Commissioner does not dispute the reasonableness of the attorney fees requested by Plaintiff, and neither party argues that there are any special circumstances counseling against the imposition of attorney fees. (*See generally* EAJA Opening Br.; EAJA Resp. Br.) The Commissioner argues only that attorney fees awarded under the EAJA go to the Plaintiff, not her attorney. (EAJA Resp. Br. at 5.)

To determine a reasonable fee request, the Court must first calculate the "lodestar amount." *Robinson*, 160 F.3d at 1281. The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The EAJA hourly rate for legal services is $125.00 per hour, but the Court may award a fee at a higher hourly rate depending on, among other things, increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). A fee award may include the fees incurred in litigating the fee dispute itself. *Commissioner v. Jean*, 496 U.S. 154 (1990); *Brodeur v. Astrue*, 2010 WL 4038611, at *4 (D. Colo. Oct. 14, 2010) (awarding claimant's entire fee request, including fees based on time spent in connection with an EAJA reply brief). Attorney fees awarded under the EAJA are payable to the prevailing party, not the prevailing party's attorney. *Astrue v. Ratliff*,

560 U.S. 586, 586 (2010). This payment is subject to government offsets satisfying the litigant's pre-existing debt to the government. *Id.*

Plaintiff requests an attorney fee rate of $190.00 per hour for a total of thirty three hours, plus an additional hour for drafting her reply brief for her Motion, for a total award of $6,460. (Doc. No. 24-2 [Log]; EAJA Reply Br. at 5.) Mr. Noel, Plaintiff's attorney, attached an itemized statement of actual time expended litigating this matter, excluding the additional hour required to draft the reply brief. (Log.) Mr. Noel also states that $190 per hour represents the $125 per hour EAJA maximum when adjusted for the 2014 to 2015 consumer price index. (EAJA Opening Br. at 10.) Courts in this district have approved hourly rates of more than $190 after adjusting the EAJA fee limit for cost of living in 2014 and 2015. *See, e.g.*, *Ruckdeschel v. Colvin*, No. 13-cv-2803-WJM, 2015 WL 4944073, at *2 (D. Colo. Aug. 20, 2015). These same courts have concluded that appealing a social security disability case typically takes between twenty to forty hours. *Id.* The lodestar amount for thirty three plus one hours at $190 is $6,460—exactly what Plaintiff requests. With no opposition by the Commissioner, the court therefore finds Plaintiff's request for $6,460, representing thirty-four total hours of work at $190 per hour, is reasonable for this district in the year 2015.

Accordingly, it is

**ORDERED** that "Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act (EAJA) 28 USC § 2412(d)" (Doc. No. 24) is **GRANTED**. The Commissioner is ordered to pay Plaintiff $6,460 for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). It is further

**ORDERED** that the EAJA attorney fee award shall be made payable to Plaintiff and mailed to Plaintiff's attorney pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 586 (2010) and *Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007).

This 1st day of December, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge